**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSERVATION CONGRESS, | No. 17-16153 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01977-JAM-DB |
| v. | |
| UNITED STATES FOREST SERVICE; UNITED STATES FISH AND WILDLIFE SERVICE, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| TRINITY RIVER LUMBER, | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 16, 2019
Seattle, Washington

Before: HAWKINS and W. FLETCHER, Circuit Judges, and SEEBORG,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

On cross motions for summary judgment, the district court largely rejected appellant Conservation Congress's claims that appellees United States Fish and Wildlife Service ("FWS") and the United States Forest Service ("USFS") violated both the National Environmental Policy Act ("NEPA") and the Endangered Species Act ("ESA") when approving "the Smokey Project"—a plan to administer fuel and vegetative treatments to further habitat and fire management goals in the Mendocino National Forest in Northern California. The district court initially issued a "Final Judgment" that ordered a limited remand for USFS to prepare a supplemental NEPA analysis and enjoined the removal of trees in the project area having a diameter of 20 inches or greater. The district court subsequently issued an order granting appellee's motion to amend the judgment and dissolve the injunction, which represents a final judgment over which we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo a grant of summary judgment. *See League of Wilderness Defs. v. USFS*, 689 F.3d 1060, 1068 (9th Cir. 2012). The agency's compliance with the law, however, is reviewed under the Administrative Procedure Act's deferential "arbitrary and capricious" standard. 5 U.S.C. § 706(2)(A); *Lands Council v. McNair*, 537 F.3d 981, 993 (9th Cir. 2008)), *overruled on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). To the extent the appeal implicates the district court's lifting of the injunction, the court reviews for

17-16153

abuse of discretion. *Native Ecosystems Council v. Marten*, 883 F.3d 783, 789 (9th Cir. 2018).

There was no error in finding that USFS's clarification on remand that "Limited Operating Periods" ("LOPs") applied only to "units" near known spotted owl activity centers, rather than to "all units," did not constitute a "post-decisional elimination" of a "core mitigation measure" that would give rise to a NEPA violation. The record fully supports the district court's conclusion that on remand USFS "provided a reasoned, clear, and thorough analysis for its conclusions," and that the Project had not changed. The application of the LOPs was disclosed throughout the decision-making process, and whatever ambiguity may have been introduced by the erroneous inclusion of the phrase "all units" in one appendix did not cause prejudice or skew the results such that the clarification on remand could not cure the issue.

The district court also correctly determined USFS did not violate NEPA by analyzing the impacts of the Smokey Project in too limited of a geographical area. USFS's environmental assessment (which incorporated the analysis of the FWS biological assessment), considered impacts in 35,023 acres comprising the treatment units and land within a 1.3-mile radius of those units. That scope was based on FWS's recommendation to analyze impacts within the spotted owl's "home range," and appears to account for the location and movement patterns of

the spotted owls, thereby warranting deference to the agencies' judgment. Conservation Congress's suggestion that a meaningful analysis required consideration of the entire Buttermilk late successional reserve reflects a different judgment as to the best way to evaluate the project, but it does not establish a NEPA violation.

The district court did not err in finding that USFS adequately analyzed potential alternatives to the project. On remand, USFS specifically considered alternatives with several different diameter cap limits on trees to be felled and concluded none were viable. Although Conservation Congress suggests the alternatives considered were arbitrary, it makes no attempt to show USFS's conclusions were unsound. Conservation Congress instead argues that USFS should have considered undertaking forest thinning at federal expense. Whatever arguments might support such a policy, however, Conservation Congress has not shown it is improper for USFS to carry out its forest management mandates by contracting with private parties for timber removal.

The district court also did not err in declining to require a full Environmental Impact Statement ("EIS") for the Smokey Project. The district court appropriately held the agency to its "hard look" obligations, *League of Wilderness Defenders v. Connaughton*, 752 F.3d 755, 762-3 (9th Cir. 2014) (citing 40 C.F.R. § 1502.1), when it issued the limited remand. Conservation Congress has not shown how the

17-16153

district court's subsequent determination that the injunction should be lifted without requiring a full EIS was erroneous.

Finally, the district court correctly found no ESA violation. Conservation Congress contends both that there is no valid biological opinion from the FWS and that USFS was required under ESA Section 7(a)(2) to re-initiate formal consultation with FWS upon clarifying the LOP requirements of the plan. Both arguments, however, rest on the premise that the LOP requirements were substantively modified on remand, a position that, as noted above, is untenable.

**AFFIRMED.**